*402 Saturday, July 11. The President pronounced the following as the unanimous opinion of the Court, “ That “ it does not appear from the evidence or circumstances in “ this cause that any fraud or imposition was practised, or “ compulsion of any sort used by the appellant in obtaining “ the deed of gift in the bill mentioned from Mary Robinson, who was his aunt, for conveying to him all her right “ and title in and to the appellees, who were then her own “ proper slaves, but that on the contrary, the said deed “ was made by her own free will and consent, for the consideration therein mentioned, on the seventeenth day “ of April, 1802, and that no fraud was meditated by him “ in filling up the blank left for the date *of the said deed, “ after the same had been signed, sealed, and delivered by “ her to him in presence of witnesses, the date of the said " deed not being a material part thereof, as it would have “ been good and sufficient to convey the said slaves without “ any date inserted therein, and might have been inconsiderately filled up by him, and that as he was and is fairly " entitled to the said slaves under the said deed, and the repeated previous declarations of the said Mary, that she “ had given him the said slaves, fully proved by the depositions of sundry witnesses taken in this cause, she had “ no right or power to emancipate them by her will made “ after the execution of the said deed: that the decree of “ the Superior Court of Chancery adjudging and decreeing “ the deed aforesaid to be set aside as void, and the injunction to restrain the appellant from exercising any acts of “ ownership over the appellees, or otherwise intermeddling “ with them, to be perpetual, is erroneous: that an account “ should be made up and settled, by or before persons to “ be appointed by an order of the Court of Chancery for “ that purpose, of the hire and maintenance of the appellees by the sheriff or sheriffs of Norfolk, to whose care “ they were committed by the several orders of the County “ Court of Norfolk, the Superior Court of Chancery, “ aforesaid, and of this Court; and, if the hire exceeds “ the maintenance and expenses of the appellees, the “ overplus to be paid by the sheriff or sheriffs to the appellant: but, if the hire should be found deficient, then " the deficiency to be paid by the appellant to the sheriff “ having custody of the appellees, who is, thereupon, or “ upon receiving sufficient security to be approved of by the “ said Superior Court of Chancery, to deliver the appellees to him as his proper slaves; therefore it is decreed “ and ordered that the decree aforesaid be reversed and “ annulled, that the said Court of Chancery do direct an *403 “ account of the hire and expenses to be made, of which “ the appellant is to have notice; and, on payment made, “ or security given, as above directed, for any deficiency “ which may, on settlement of the account, appear to be “ due to the sheriffs, that the injunction be dissolved and “ that the appellees be delivered to the appellant as his proper slaves, and that the bill of the appellees de dismissed.”